UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTE KASALO, <br><br> PLAINTIFF, <br><br> v. <br><br> APEX FINANCIAL MANAGEMENT, LLC, <br> and HILCO RECEIVABLES, LLC <br><br> DEFENDANTS. | Civil Action No._____ <br> COMPLAINT AND <br> DEMAND FOR JURY <br> TRIAL |

## COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 US.C. §1692 et seq. ("FDCPA").

### JURISDICTION/VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

3. Venue is proper in the District as Defendants transact business here and the communications upon which this complaint is based were sent here.

### PARTIES

4. Plaintiff, Ante Kasalo, ("Plaintiff") is a U.S. citizen, and resident of Cook County, Illinois. The Plaintiff is a "consumer" as defined at 15 U.S.C. §1692a(3) of the FDCPA.

5. Defendants, Apex Financial Management, LLC, and Hilco Receivables, LLC, ("Defendants"), are debt collectors as defined by and within the meaning of the FDCPA, § 1692a(6), engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due

another and whose principal purpose is the collection of debts using the mails and telephone. These Defendants may be served at their principal place of business located at 5 Revere Drive, Ste. 206, Northbrook, Illinois, 60062.

## FACTUAL ALLEGATIONS

6. Sometime prior to May 6, 2009, Plaintiff incurred an alleged debt for personal, family or household purposes, to GE Capital Corp., and therefore Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Notably, the alleged debt was incurred as the result of Plaintiff purchasing defective furniture that he was not allowed to return, and thereafter refused to pay for.

7. Sometime prior to May 6, 2009, but after Plaintiff incurred said alleged debt, said alleged debt was purchased by Hilco Receivables, LLC, also known as Apex Financial Management, LLC.

8. On or around May 09, 2009, Plaintiff received a collection letter sent from Defendants, stating that the alleged debt previously owed to GE Capital Corp. was purchased by Hilco Receivables, LLC. (Exhibit A, May 6, 2009 collection letter from Defendants).

9. On May 11, 2009, Plaintiff faxed a verification request to Defendants, via fax number 847-947-7094, and said request was received by the Defendants. Said letter stated, in relevant part, that Plaintiff disputes that he owes the alleged debt. (Exhibit B, Verification request faxed to Defendants and fax log showing same; Exhibit C, Printout from Apex Financial Management, LLC, web page showing fax number of 847-947-7094).

10.     Thereafter, despite not having verified the alleged debt in response to Plaintiff's timely served verification request, Defendants repeatedly placed collection calls to Plaintiff's home telephone number, relating to the alleged debt.

11.     On May 27, 2009, Plaintiff again faxed a letter to Defendants, again requesting that Defendants verify the alleged debt, and also demanding that Defendants cease contacting the Plaintiff "in any other way except by way of written verification."(Exhibit D, May 27, 2009 letter faxed to Defendants).

12.     Despite Plaintiff's express written demand to cease its collection contacts, Defendants again made collection calls to Plaintiff on May 27, May 29, and June 1, 2009.

13.     For example, on May 27, 2009, a male agent or employee for Defendants placed a collection call to Plaintiff from telephone number (866) 481-1904.  During the pendency of the call, said agent or employee demanded that Plaintiff pay the alleged debt, informed Plaintiff that "a judgment will be entered against you", and that the Plaintiff "better contact an attorney".  Notably, no law suit had been filed by Defendants at the time said statements were made by the Defendants to the Plaintiff.

14.     Notably, Defendants' collection contacts ceased only after Plaintiff hired an attorney, who contacted the Defendants on June 2, 2009, and advised them that Plaintiff was represented by counsel in this matter.

### COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

15.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-14 above as if fully set forth herein.

16.     In its attempts to collect the debt allegedly owed by Plaintiff to Defendants, Defendants violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

a. Defendants violated 15 U.S.C. §1692g (b) when Defendants failed to cease their attempts to collect the alleged debt after having timely received, via fax, repeated timely requests for verification of the alleged debt from the Plaintiff;

b. Defendants violated 15 U.S.C. §1692c (c) when Defendants repeatedly continued to contact the Plaintiff with respect to said alleged debt despite having received, on May 27, 2009, an express written demand from the Plaintiff to cease such contacts;

c. Defendants violated 15 U.S.C. §1692e (10), when Defendants falsely stated that a "judgment will be entered" against the Plaintiff, as Defendants' statement suggests that a future judgment is a foregone conclusion when, in fact, a law-suit has not even been filed by the Defendants in this matter and, in any event, Plaintiff would have defenses to any claim filed by the Defendants in this matter.

17. As a direct and proximate result of one or more of the statutory violations above, Plaintiff has suffered emotional distress and financial damages.

WHEREFORE, Plaintiff, Ante Kasalo, respectfully requests that judgment be entered against Defendants, Apex Financial Management, LLC and Hilco Receivables, LLC:

a. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k;
b. Actual damages suffered by the Plaintiff;
c. Plaintiff's attorney fees and costs;
d. Any other relief deemed appropriate by this Honorable Court.

### JURY DEMAND

Plaintiff is entitled to and hereby demands that this cause be tried by a jury.

Respectfully submitted,

/s/ Mario Kris Kasalo

**ALBUKERK & ASSOCIATES**
3025 W. 26th St., Fl.2
Chicago, Il 60623
(773) 847-2600
(773) 847-0330

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards, or any settlement agreed to by Plaintiff. All rights relating to attorney fees have been assigned to counsel.

/s/ Mario Kris Kasalo